# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| In re: | § | |
|---|---|---|
| | § | |
| MYERS, SUZANNE K | § | Case No. 11-83635 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 08/17/2011 . The undersigned trustee was appointed on 08/17/2011 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| 4. The trustee realized gross receipts of | $ | 8,000.00 |
|---|---|---|
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 6.45 |
| Bank service fees | | 0.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 7,993.55 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 06/01/2012 and the deadline for filing governmental claims was 06/01/2012 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,550.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,550.00 , for a total compensation of $ 1,550.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/19/2012              By:/s/DANIEL M. DONAHUE
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Page: 1
Exhibit A

# INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

| Case No: | 11-83635    MLB    Judge: MANUEL BARBOSA | Trustee Name: | DANIEL M. DONAHUE |
|---|---|---|---|
| Case Name: | MYERS, SUZANNE K | Date Filed (f) or Converted (c): | 08/17/11 (f) |
|  |  | 341(a) Meeting Date: | 09/26/11 |
| For Period Ending: | 07/19/12 | Claims Bar Date: | 06/01/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. PNC checking account (Total account balance $5.00 | 2.50 | 0.00 | DA | 0.00 | FA |
| 2. Rockford Postal Credit Union savings account | 25.00 | 0.00 | DA | 0.00 | FA |
| 3. Rockford Postal Credit Union savings account with | 12.50 | 0.00 | DA | 0.00 | FA |
| 4. Rockford Postal Credit Union savings with child Al | 12.50 | 0.00 | DA | 0.00 | FA |
| 5. PNC Bank checking account # xxxx4459 | 100.00 | 0.00 | DA | 0.00 | FA |
| 6. Household goods and furnishings | 2,141.00 | 0.00 | DA | 0.00 | FA |
| 7. Wearing apparel for Debtor and two children | 300.00 | 0.00 | DA | 0.00 | FA |
| 8. Debtor has marital interest in her separated Husba | 0.00 | 0.00 | DA | 0.00 | FA |
| 9. US Savings Bonds Debtor owns jointly with her son, | 100.00 | 0.00 |  | 0.00 | FA |
| 10. Debtor has interest in her mother Penny Smith's es | 11,781.75 | 8,000.00 |  | 8,000.00 | FA |
| 11. 2001 Pontiac Grand Am Debtor owns jointly with hus | 1,200.00 | 0.00 | DA | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $15,675.25 | $8,000.00 |  | $8,000.00 | $0.00 |
|  |  |  |  | Gross Value of Remaining Assets | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Nothing further remains to be done.

Initial Projected Date of Final Report (TFR): 09/01/12    Current Projected Date of Final Report (TFR): 09/01/12

LFORM1   UST Form 101-7-TFR (5/1/2011) (Page: 3)    Ver: 16.06b

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

Case No: 11-83635 -MLB
Case Name: MYERS, SUZANNE K

Trustee Name: DANIEL M. DONAHUE
Bank Name: CONGRESSIONAL BANK
Account Number / CD #: ******6104 GENERAL CHECKING

Taxpayer ID No: *******5235
For Period Ending: 07/19/12

Blanket Bond (per case limit): $ 1,500,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | | |
| | | | | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 03/01/12 | 10 | WENDELL E. SMITH<br>Executor of the Estate of Penelope Smith | DECEDENT ESTATE | 1129-000 | 8,000.00 | | 8,000.00 |
| 06/19/12 | 001000 | INTERNATIONAL SURETIES, LTD.<br>701 POYDRAS ST., STE. 420<br>NEW ORLEANS, LA 70139 | BLANKET BOND - BOND #016018067 | 2300-000 | | 6.45 | 7,993.55 |

```
                                  COLUMN TOTALS                    8,000.00        6.45
                                  Less: Bank Transfers/CD's            0.00        0.00
                                                Subtotal           8,000.00        6.45     7,993.55
                                  Less: Payments to Debtors            0.00        0.00
                                                     Net           8,000.00        6.45

                                                                                     NET
                                                              NET DEPOSITS       DISBURSEMENTS   ACCOUNT BALANCE
              TOTAL - ALL ACCOUNTS                             8,000.00             6.45         7,993.55
              GENERAL CHECKING - ******6104                    8,000.00             6.45         7,993.55

                                                              (Excludes Account   (Excludes Payments    Total Funds
                                                                  Transfers)         To Debtors)        On Hand
```

Page Subtotals    8,000.00    6.45

UST Form 101-7-TFR (5/1/2011) (Page: 4)    Ver: 16.06h

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: July 19, 2012 |
|---|---|---|---|---|---|---|
| Case Number: 11-83635<br>Debtor Name: MYERS, SUZANNE K | | Claim Type Sequence | | | | |
| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
| BOND<br>999<br>2300-00 | INTERNATIONAL SURETIES, LTD.<br>701 POYDRAS ST., STE. 420<br>NEW ORLEANS, LA 70139 | Administrative | | $0.00 | $6.45 | $6.45 |
| 001<br>3110-00 | MCGREEVY WILLIAMS | Administrative | | $0.00 | $2,668.00 | $2,668.00 |
| 001<br>3120-00 | MCGREEVY WILLIAMS | Administrative | | $0.00 | $97.81 | $97.81 |
| 000001<br>070<br>7100-00 | Bureaus Investment Group Portfolio No 15 LLC<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $0.00 | $3,061.77 | $3,061.77 |
| 000002A<br>070<br>7100-00 | Wendell Smith<br>5391 Yellowstone Drive<br>Rockford, IL 61109 | Unsecured | | $0.00 | $27,400.00 | $27,400.00 |
| 000003A<br>070<br>7100-00 | Joan Backer<br>5391 Yellowstone Drive<br>Rockford, IL 61109 | Unsecured | | $0.00 | $1,172.00 | $1,172.00 |
| 000004<br>070<br>7100-00 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $0.00 | $1,945.63 | $1,945.63 |
| 000005<br>070<br>7100-00 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $0.00 | $2,638.79 | $2,638.79 |
| | Case Totals: | | | $0.00 | $38,990.45 | $38,990.45 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-83635
Case Name: MYERS, SUZANNE K
Trustee Name: DANIEL M. DONAHUE

Balance on hand      $     7,993.55

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DANIEL M. DONAHUE | $ 1,550.00 | $ 0.00 | $ 1,550.00 |
| Attorney for Trustee Fees: MCGREEVY WILLIAMS | $ 2,668.00 | $ 0.00 | $ 2,668.00 |
| Attorney for Trustee Expenses: MCGREEVY WILLIAMS | $ 97.81 | $ 0.00 | $ 97.81 |

Total to be paid for chapter 7 administrative expenses    $    4,315.81

Remaining Balance    $    3,677.74

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 36,218.19 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 10.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Bureaus Investment Group Portfolio No 15 LLC | $ 3,061.77 | $ 0.00 | $ 310.90 |
| 000002A | Wendell Smith | $ 27,400.00 | $ 0.00 | $ 2,782.31 |
| 000003A | Joan Backer | $ 1,172.00 | $ 0.00 | $ 119.01 |
| 000004 | GE Capital Retail Bank | $ 1,945.63 | $ 0.00 | $ 197.57 |
| 000005 | GE Capital Retail Bank | $ 2,638.79 | $ 0.00 | $ 267.95 |

Total to be paid to timely general unsecured creditors        $        3,677.74

Remaining Balance                                              $            0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE